**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

DONALD SENNHENN, individually, and on
behalf of all others similarly situated,

                Plaintiff,

              *vs.*                                   Case No. 1:20-cv-00058

NATIONWIDE CREDIT, INC.,

                Defendant.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiff, DONALD SENNHENN, ("SENNHENN"), individually, and on behalf of all others similarly situated, against Defendant, NATIONWIDE CREDIT, INC. ("NCI"), based on the following:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and on behalf of all others similarly situated for the illegal practices of Defendant when attempting to collect an alleged debt from him in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

9. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

10. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

12. Plaintiffs seek, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees, and costs.

## II. PARTIES

13. SENNHENN is a natural person.

14. At all times relevant to this lawsuit, SENNHENN was a citizen of, and resided in, the City of Oshkosh, Winnebago County, Wisconsin.

15. NCI is a for-profit corporation formed under the laws of the State of Georgia.

16. SENNHENN is informed and believes, and on that basis alleges, that NCI maintains its principal business address at 1000 Abernathy Rd., Suite 200, City of Atlanta,

Fulton County, Georgia. NCI's agent of service in Wisconsin is the Corporation Service Company, 8040 Excelsior Dr., Suite 400, Madison, Wisconsin.

### III. JURISDICTION & VENUE

17. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

18. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to SENNHENN's claims occurred within this federal judicial district, and because NCI is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS

19. NCI regularly engages in the collection of defaulted consumer debts.

20. NCI regularly engages in the collection of defaulted consumer debts owed to others.

21. NCI is a business the principal purpose of which is the collection of defaulted consumer debts.In attempting to collect debts, NCI uses the mail, telephone, internet, and other instruments of interstate commerce.

22. NCI mailed or caused to be mailed a letter dated February 25, 2019 (the "Letter") to SENNHENN.

23. A true and correct copy of the Letter is attached as *Exhibit A*, except the undersigned has partially redacted it.

24. The Letter alleged SENNHENN had incurred and defaulted on a financial obligation (the "Debt").

25. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes, namely purchases on an American Express credit card.

26. On information and belief, sometime prior to February 25, 2019, the creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to NCI for collection.

27. The top of the letter stated, in relevant part:

>Balance Owed: $2,219.96
>
>Settlement Offer: $1,442.97
>
>Expiration Date: 03/12/2019

28. The body of the Letter stated in relevant part:

> We are writing to offer you the opportunity to settle your account for $1,442.97 which represents 65% of the balance owed.
>
> . . . .
>
> If the offer is accepted by the Expiration Date and the required payment is paid according to the terms of this settlement offer, any interest, late charges or other charges that accrue on the Balance Owed will not increase the settlement offer amount.
>
> **Call by Tuesday 03/12/2019**
>
> To accept this offer, you can call us at 1-855-267-4269 and pay the settlement amount by 03/12/2019. You can also accept this offer by logging on to our website at myaccount.ncirm.com. Please note we are not obligated to renew this offer.
>
> **Settle for a Portion of the Balance Owed and Avoid Further Collection Efforts**
>
> This opportunity allows you to resolve the balance owed on your American Express Account and avoid additional collection efforts. We must speak to you or you must log into

Page **5** of **10**
Case 1:20-cv-00058-WCG   Filed 01/14/20   Page 5 of 10   Document 1

our website at myaccountncirm.com in order to accept this offer.

(emphasis in original)

29. The Letter falsely suggests to the unsophisticated consumer that the settlement offer was a one-time take-it-or-leave-it offer.

30. The Letter's false suggestion arises from its totality, including, but not limted to (A) the statement "[p]lease note we are not obligated to renew this offer; and, (B) four references to an "Expiration Date" of 03/12/2019, one of which is in bold font; and (C) two invitations to call NCI prior to 03/12/2019 to "accept this offer."

31. In fact, NCI and the creditor were willing to extend the settlement offer beyond the March 12, 2019, deadline set in the Letter.

32. On information and belief, NCI and the creditor would have accepted less than the amount of the settlement offer to settle the Debt at any time.

33. The Letter is materially false, deceptive, and misleading to unsophisticated consumers "[b]ecause these consumers must often make difficult decisions about how to use scarce financial resources." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

34. A rational person with limited financial resources would, based on the Letter, choose to pay the debt over an otherwise identical debt in which the collection letter did not falsely imply that the settlement offer was a one-time take-it-or-leave-it offer.

35. NCI's use of a form letter like the Letter – which falsely implies the settlement offer will not be renewed – competitvely disadvantages debt collectors who collect debts and do not falsely imply that a settlement offer will not be renewed.

36. The Letter deprived SENNHENN of truthful, non-misleading information in connection with NCI's attempt to collect the Debt.

37. On information and belief, the Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

38. Consequently, on information and belief, NCI caused the same form collection letters to be mailed to others who, like SENNHENN, reside in Wisconsin.

## V. CLASS ALLEGATIONS

39. NCI's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by SENNHENN individually and on behalf of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40. Plaintiff is seeking to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

41. *Class Definition.* The Class consists of: All natural persons to whom Defendant mailed a written communication in the form of *Exhibit A* to an address in the State of Wisconsin during the Class Period which begins on January 14, 2019 and ends on February 4, 2020.

42. The identities of the Class members are readily ascertainable from NCI's business records or those entities on whose behalf NCI attempted to collect debts.

43. *Class Claims.* The Class claims include all claims each Class member may have for a violation of the FDCPA arising from Defendant having mailed a written communication in the form of *Exhibit A* to such Class member.

44. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation.

45. *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

46. *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by NCI with respect to each Class member.

47. *Typicality.* Plaintiff's claims are typical of those of the Class because those claims arise from a common course of conduct engaged in by NCI.

48. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interests adverse to the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

49. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

50. Based on discovery and further investigation (including, but not limited to, disclosure by NCI of class size and net worth), Plaintiff may, in addition to moving for class

certification using modified definitions of the Class and/or Class claims, and the Class period, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VI. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

52. NCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

53. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

54. SENNHENN is a "consumer" as defined by 15 U.S.C. § 1692a(3).

55. *Exhibit A* is a "communication" as defined by 15 U.S.C. §1692a(2).

56. The use and mailing of *Exhibit A* by NCI in an attempt to collect the Debt violated the FDCPA in one or more following ways:

    (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e.

## VII. PRAYER FOR RELIEF

57. WHEREFORE, Plaintiff demands judgment against NCI as follows:

    (a) An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

    (b) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

(c) An award to Plaintiff for services on behalf of the Class as determined in the discretion of the Court;

(d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(e) An award of actual damages to Plaintiff or the Class to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff or the Class; and

(f) For such other and further relied as may be just and proper.

## VIII. JURY DEMAND

58. Trial by jury is demanded on all issues so triable.

Dated: January 14, 2020

*s/Francis R. Greene*
*Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
Katelyn B. Busby (AR Bar # 2014133)
*Attorneys for Plaintiff, Donald Sennhenn*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com
E-mail: Katelyn@SternThomasson.com